**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-60749
Summary Calendar

MILTON BEALE,

Petitioner,

VERSUS

HEMLERICH & PAYNE; NATIONAL FIRE INSURANCE COMPANY
OF PITTSBURGH; DIRECTOR, OFFICE OF WORKER'S COMPENSATION
PROGRAMS, U.S. DEPARTMENT OF LABOR,

Respondents.

Petition for Review of an Order
of the Benefits Review Board

(95-0577)

September 15, 1997

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Counsel for the Petitioner petitions this Court for review of

a decision of the Benefits Review Board[1] affirming an order by the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]    Because Beale's case was pending before the Benefit Review Board for over one year and did not receive formal review by the Board by September 12, 1996, the decision of the Administrative Law Judge was considered affirmed by the Board and the decision of the ALJ became that of the Board.  See Omnibus Consolidated

administrative law judge consisting of a Decision and Order on Reconsideration, all pursuant to the Longshore and Harbor Workers' Compensation Act, as amended, 33 U.S.C. § 901 et seq.

This Court's review is limited to determining whether the Board's decision correctly concluded that the ALJ's order was supported by substantial evidence on the record as a whole and is in accordance with the law. Ingalls Shipbuilding v. Director, Office of Workers' Compensation Programs, 991 F.2d 163, 165 (5th Cir. 1993). Substantial evidence is evidence that " a reasonable mind might accept as adequate to support a conclusion." Id. The substantial evidence standard is less demanding than that of a preponderance of the evidence. Avondale Indust. v. Director, Office of Workers' Compensation Programs, 977 F.2d 186, 189 (5th Cir. 1992).

We have carefully reviewed the decision of the ALJ, the parties briefs and the arguments of counsel, and the record before us, and conclude that the decision of the Benefits Review Board is supported by substantial evidence. The ALJ found that Beale's employer agreed to pay Beale's medical costs prior to the hearing and no controversy remained at the time of the hearing. Thus, Petitioner's counsel was not entitled to an award of attorneys' fees. Flowers v. Marine Concrete Structures, Inc., 19 BRBS 162 (1986); Kleiner v. Todd Shipyards Corp., 16 BRBS 297 (1984).

_____

Rescissions and Appropriations of 1996, Public Law 104-134, 110 Stat. 1321.

Therefore, under the particular facts of this case, Beale's counsel has failed to show that he is entitled to the attorneys' fees for which he petitioned.

PETITION DENIED.